NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARSHALL MAGRUDER, *Appellant*,

*v.*

ARIZONA CORPORATION COMMISSION, *Appellee*,

EPCOR Water Arizona Inc., *Intervenor*.

No. 1 CA-CC 15-0002
FILED 10-25-2016

---

Appeal from the Arizona Corporation Commission
No. 75268

**AFFIRMED**

---

COUNSEL

Marshall Magruder, Tubac
*Appellant*

Arizona Corporation Commission, Legal Division, Phoenix
By Robin R. Mitchell, Maureen A. Scott, Janet F. Wagner
*Counsel for Appellee*

Lewis Roca Rothgerber Christie LLP, Phoenix
By Thomas H. Campbell, Michael T. Hallam
*Counsel for Intervenor*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1        This appeal stems from an Arizona Corporation Commission (Commission) decision establishing rates and charges for four water districts and one wastewater district operated by EPCOR Water Arizona, Inc. (EPCOR).  Appellant Marshall Magruder, an intervenor in the rate case, contends the Commission improperly disregarded three of his proposals. For the reasons set forth below, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        EPCOR is a private water company providing services to nine water districts and five wastewater districts.  EPCOR filed a rate case with the Commission in 2014 seeking rate increases in five districts:  Mohave Water, Paradise Valley Water, Sun City Water, Tubac Water, and Mohave Wastewater.  EPCOR also asked the Commission to approve a Systems Improvement Benefits surcharge.

¶3        Several parties opposed portions of EPCOR's application, including Magruder, an EPCOR customer residing in the Tubac Water District.  Magruder proposed that the Commission do the following:

- Consolidate all districts so that all EPCOR customers within each rate category would pay the same rates;

- Order EPCOR to adopt a low-income program he called the "water lifeline" under which residential and small business customers in all districts would receive their first 3000 gallons at a reduced rate; and

- Order EPCOR to adopt a tiered rate system in all water districts, which he claimed would promote water conservation.

An administrative law judge held an evidentiary hearing on EPCOR's application spanning several days, taking testimony and evidence from

EPCOR, the Residential Utility Consumer Office (RUCO), and several intervenors, including Magruder.

¶4        The Commission ordered EPCOR to file new rates for each of the five districts at issue and to expand its existing low-income program to the Tubac Water, Paradise Valley Water, and Mohave Wastewater districts. The Commission did not implement Magruder's proposed rates or his "water lifeline" program. The Commission also determined that it would not be appropriate "to address consolidation in this case" and ordered EPCOR to "file a rate case for all of its systems no later than July 1, 2018 . . . and include in the application rate consolidation options as an alternative to treating all of [EPCOR's] systems as independent."

¶5        Magruder timely requested a rehearing. Because the Commission did not act on Magruder's request, it was deemed denied. *See* Arizona Revised Statutes (A.R.S.) section 40-253.A.[1] Magruder then filed a timely notice of appeal with this court. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1 and  40-254.01.A.

## DISCUSSION

¶6        The Commission enjoys full and exclusive power to set just and reasonable rates for public service corporations. Ariz. Const. art. 15, § 3; *State v. Tucson Gas, Elec. Light & Power Co.*, 15 Ariz. 294, 299 (1914). The Commission also enjoys a wide range of legislative discretion in exercising its ratemaking authority. *Ariz. Corp. Comm'n v. State ex rel. Woods*, 171 Ariz. 286, 294 (1992). To successfully challenge a ratemaking decision, one must demonstrate by clear and satisfactory evidence that the decision was unreasonable or unlawful. A.R.S. § 40-254.01.E. This standard is equivalent to the "clear and convincing evidence" standard. *Tucson Elec. Power Co. v. Ariz. Corp. Comm'n*, 132 Ariz. 240, 243 (1982). Thus, to prevail, Magruder must "demonstrate, clearly and convincingly, that the Commission's decision [was] arbitrary, unlawful or unsupported by substantial evidence." *Litchfield Park Serv. Co. v. Ariz. Corp. Comm'n*, 178 Ariz. 431, 434 (App. 1994). We find he has not done so.

---

[1]        We cite to a statute's most current version absent a change material to our decision.

I.    **The Commission-Approved Rates Were Not Discriminatory or Unreasonable.**

¶7        Magruder contends the approved rates violate Article 15, Section 12, of the Arizona Constitution, which provides, in relevant part:

> All charges made for service rendered, or to be rendered, by public service corporations within this state shall be just and reasonable, and no discrimination in charges, service, or facilities shall be made between persons or places for rendering a like and contemporaneous service . . . .

Magruder contends the rates are discriminatory because they are not uniform across all EPCOR systems.  He argues EPCOR can only cure this discrimination by "present[ing] one company-wide set of rates in [a] fair and reasonable rate case for ALL of its customers."

¶8        The fact that rates differ does not by itself make them discriminatory.  *See* A.R.S. § 40-334.B (public service corporation may not "establish or maintain any *unreasonable* difference as to rates, charges, service, facilities . . . either between localities or between classes of service") (emphasis added).  Public service corporations may not discriminate among similarly situated customers.  *Gen. Cable Corp. v. Citizens Utils. Co.*, 27 Ariz. App. 381, 384 (1976), Magruder, however, presented no evidence to suggest all EPCOR customers are similarly situated.

¶9        However, EPCOR presented testimony establishing that "[t]he rates for each district are designed to recover the total cost of service for each individual district" and that "[e]ach district has its own cost structure and mix of customer classes (and usage patterns)."  EPCOR also presented evidence showing service costs varied significantly in the five districts at issue, including, for example, arsenic removal costs unique to the Tubac Water district where Magruder resides.  EPCOR also directly addressed Magruder's consolidation proposal, presenting testimony stating that consolidation would "take a long period of time" and "would require input from multiple parties, not just those involved in the instant case."

¶10       Magruder did not challenge any of this evidence.  He instead asserted that "[a]ll the fixed service charge, volumetric rates, surcharges, mechanisms and fees should be the same for all ratepayers of the same rate class and rate category" and presented his own set of uniform rate calculations.  Magruder's desire that rates be equal across all EPCOR systems is not sufficient grounds to find discrimination.

¶11 Magruder also contends the approved rates are unreasonable under A.R.S. § 40-334.B, but cites no evidence to show any particular rates are unreasonable. He instead argues that any and all rate differences among EPCOR's districts are per se unreasonable. The legislature chose to prohibit *unreasonable* rate differences; not all rate differences. A.R.S. § 40-334.B; *see City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 179, ¶ 9 (holding that we do not look beyond the statutory language when it is not ambiguous). Magruder fails to show the Commission acted arbitrarily or unlawfully in declining to adopt his proposed rate structure. *See Litchfield Park*, 178 Ariz. at 434.

## II. EPCOR Did Not Violate Past Commission Decisions by Failing to Offer Consolidation Proposals in This Case.

¶12 Magruder next cites a 2009 Commission decision involving Arizona-American Water Company (AAWC), now owned by EPCOR, in support of his contention that consolidation was required. There, the Commission ordered:

> [T]his docket shall remain open for the limited purpose of consolidation in the [AAWC]'s next rate case with a separate docket in which a revenue-neutral change to rate design of all [AAWC's] water and wastewater districts or other appropriate proposals may be considered simultaneously, after appropriate public notice, with appropriate opportunity for informed public comment and participation.

Magruder contends this passage obligated EPCOR to submit system-wide consolidation proposals in the current case, which it did not do. A review of relevant past Commission decisions suggests otherwise.

¶13 The Commission is entitled to deference in determining when to take up possible consolidation. *Miller v. Ariz. Corp. Comm'n*, 227 Ariz. 21, 28, ¶ 27 (App. 2011) ("Because ratemaking is such a complex and specialized endeavor, courts accord substantial deference to the Commission's determinations of 'what regulation is reasonably necessary for effective ratemaking.'") (quoting *Woods*, 171 Ariz. at 294). The Commission's decision making will not be disturbed unless it is arbitrary, unlawful, unreasonable or unsupported by substantial evidence. *Turner Ranches Water & Sanitation Co. v. Ariz. Corp. Comm'n*, 195 Ariz. 574, 576, ¶ 5 (App. 1999). The Commission considered potential consolidation of AAWC's systems in a 2011 rate case in which Magruder intervened. There, AAWC offered consolidation proposals consistent with the Commission's

2009 order, stating its then-preference for "Company-wide consolidation" over other alternatives. The Commission found a then-existing rate disparity among AAWC's districts "present[ed] an insurmountable impediment . . . to statewide consolidation" and ordered AAWC "to develop a consolidation proposal that includes all of its systems . . . and to file those consolidation proposals in a future rate application."

¶14          Then, in a related decision, the Commission ordered EPCOR to *deconsolidate* one of its wastewater districts by early 2016. The Commission also ordered EPCOR to

> file the system-wide rate filing as ordered by [the 2011 decision] that includes all of the affected districts . . . as soon as possible, so that all affected parties will receive notice of, and will have a full opportunity to address, all the issues affecting [EPCOR]'s revenue requirement, and can make proposals either for or against consolidation or deconsolidation for Commission consideration.

Subsequently, in 2014, the Commission ordered EPCOR to file "a permanent rate case for all five of its wastewater districts on or before September 30, 2015."

¶15          With these decisions as background, the Commission chose not to address consolidation in the present case and directed EPCOR to file a system-wide rate case by July 1, 2018. The Commission did so in part because the current rate case did not involve all parties who may have an interest in system-wide consolidation. Magruder has not shown the Commission abused its discretion by choosing to delay consolidation discussions.

### III.    The Commission Did Not Abuse Its Discretion in Declining to Implement Magruder's Proposed Low-Income Program.

¶16          Magruder also objects to the Commission's decision to allow EPCOR to expand its existing low-income program. Magruder first contends the surcharges the program requires are discriminatory because they differ among the districts and unfairly affect small businesses. However, because differences in rates are not necessarily "discriminatory;" we reject this contention. *See supra* ¶ 8.

¶17          Magruder also contends that EPCOR instead should have implemented his proposed "water lifeline" because many customers who qualify for the existing low-income program do not apply. Magruder made

this proposal before the Commission, who chose not to implement it. Magruder presents no evidence, much less clear and satisfactory evidence, to show the Commission's decision was unreasonable or unlawful. A.R.S. § 40-254.01.E; *Turner*, 195 Ariz. at 576, ¶ 5.

## IV. The Commission Did Not Abuse Its Discretion in Declining to Adopt Magruder's "Water Conservation" Proposals.

¶18 Finally, Magruder contends the Commission should have ordered EPCOR to implement more rate tiers as well as the "water lifeline" discussed above because both would better promote water conservation. The Commission is constitutionally endowed with broad power not only to set rates, but to prescribe classifications and establish categories to consider in setting rates. *Consol. Water Utils., Ltd. v. Ariz. Corp. Comm'n*, 178 Ariz. 478, 483-84 (App. 1993). Again, Magruder presents no evidence showing the Commission abused that discretion in declining his proposals; he only repeats his assertion that the existing rate structure is "discriminatory." We thus decline Magruder's invitation to remand the case for reconsideration of his proposals.

## CONCLUSION

¶19 For the reasons set forth above, we affirm the Commission's decisions declining to adopt Magruder's proposals.



AMY M. WOOD • Clerk of the Court
FILED: AA

7